UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Tamara l. Watkins,

      Plaintiff,

  -vs-

CITY OF BUFFALO IMPOUND, et al.,

      Defendants.

**ANSWER**

Civil Action No.: 22-cv-1112

**DEFENDANTS DEMAND TRIAL BY JURY**

Defendants, CITY OF BUFFALO IMPOUND, DIVISION OF PARKING ENFORCEMENT, BPD OFFICER M. WALLENHURST and CITY OF BUFFALO ATTORNEY ROBERT FUNDERBURG, (Collectively, "Defendants") by and through their attorney Cavette A. Chambers, Esq., Corporation Counsel for the City of Buffalo as and for their Answer to the Plaintiff's Complaint in the above action, allege as follows, upon information and belief:

1. The Parties to this Complaint

   A. The Plaintiff(s)

   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section I A. of the Complaint.

   B. The Defendant(s)

   Responding to the allegations contained in Section 1B of the Complaint, the Defendants deny that Robert Funderburg is an attorney with the City of Buffalo's Law Department. Mr. Funderburg's role with the Law Department is that of Investigator.

Deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

**2.    Basis for Jurisdiction**

Responding to the allegations contained in Section 2A, B & C. of the Complaint, the Defendants generally deny that Plaintiff has asserted a valid claim under §1983 or that any of Plaintiff's federal constitutional or statutory rights have been violated.

**3.    Parties to This Action**

Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 3 of the Complaint.

**4.    Previous Lawsuits**

Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 4 of the Complaint.

**5.    Statement of Claims**

FIRST CLAIM: Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 5A of the Complaint.

SECOND CLAIM: Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 5B of the Complaint.

THIRD CLAIM: Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 5C of the Complaint.

FOURTH CLAIM: Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 5D of the Complaint.

FIFTH CLAIM: Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 5E of the Complaint.

SIXTH CLAIM: Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 5F of the Complaint.

SEVENTH CLAIM: Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 5G of the Complaint.

6. **Relief**

Responding to the allegations contained in Section 6 of the Complaint, the Defendants generally deny that Plaintiff has asserted a valid claim under §1983 or that any of Plaintiffs federal constitutional or statutory rights have been violated. Deny that Punitive Damages are warranted or recoverable in this action. Deny knowledge or information sufficient to form a belief as to the remaining allegations in Section 6 of the Complaint.

Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Section 6 of the Complaint.

**GENERAL DENIAL**

Deny each and every allegation of the Complaint not hereinbefore specifically admitted, denied or otherwise controverted.

**AS AND FOR A FIRST DEFENSE:**

Upon information and belief, the Plaintiff fails to state a cause of action against the Defendants, in whole or in part.

**AS AND FOR A SECOND DEFENSE:**

Upon information and belief, the Plaintiff is barred, in whole or in part, on the grounds that the actions of the Defendants did not violate the any Constitutional rights, privileges, or immunities, of the Plaintiffs or class members.

**AS AND FOR A THIRD DEFENSE:**

Upon information and belief, and without admitting that the Plaintiff states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against the Defendants or others for any alleged single wrong.

**AS AND FOR A FOURTH DEFENSE:**

Upon information and belief, the Plaintiff is barred, in whole or in part, upon the doctrine of qualified immunity.

## AS AND FOR A FIFTH DEFENSE:

Upon information and belief, the Plaintiff is barred, in whole or in part, upon the doctrine of legislative and/or prosecutorial immunity.

## AS AND FOR A SIXTH DEFENSE:

Upon information and belief, the Plaintiff is barred, in whole or in part, upon the grounds of any sovereign, governmental, discretionary, or qualified immunity available to municipalities in tort actions in the State of New York.

## AS AND FOR A SEVENTH DEFENSE:

Upon information and belief, Plaintiffs' claims are barred by the doctrine of laches, in that Plaintiff unreasonably delayed efforts to enforce her rights, if any, despite full awareness of the Defendants' actions.

## AS AND FOR AN EIGHTH DEFENSE:

Any and all actions were carried out for legitimate and lawful reasons and not motivated or caused by the reckless disregard for the constitutional rights of the Plaintiff.

## AS AND FOR A NINTH DEFENSE:

Upon information and belief, one or more of Plaintiffs' claims are time barred by the applicable Statutes of Limitations.

### AS AND FOR A TENTH DEFENSE:

Upon information and belief, Plaintiffs' claims are barred by her failure to exercise reasonable care and due diligence to mitigate any alleged damages, and any recovery must be barred or reduced by said failure.

### AS AND FOR AN ELEVENTH DEFENSE:

Plaintiffs' claims may be barred, in whole or in part, by her failure to exhaust available administrative remedies and/or comply with conditions precedent to suit.

### AS AND FOR A TWELFTH DEFENSE:

Upon information and belief, Plaintiff's claims may be barred by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A THIRTEENTH DEFENSE:

If the Court finds that any of the economic losses alleged in the Complaint were or will, with reasonable certainty, be replaced or indemnified from any collateral source, then any recovery of the Plaintiff must be reduced pursuant to CPLR §4545.

### AS AND FOR A FOURTEENTH DEFENSE:

Upon information and belief, any interference with business relations or contract, if such interference did occur, was carried out for a lawful reason and not motivated by malice or employed through fraudulent or illegal means.

**AS AND FOR A FIFTEENTH DEFENSE:**

Any and all actions were carried out for legitimate and lawful reasons and not motivated by malice or discrimination.

**AS AND FOR A SIXTEENTH DEFENSE:**

Upon information and belief, the acts or omissions were within the lawful of authority of the laws and Constitution of New York State and United States.

**AS AND FOR AN SEVENEENTH DEFENSE:**

Under relevant state and federal law, punitive damages cannot be awarded against the Defendants.

**AS AND FOR A EIGHTEENTH DEFENSE:**

Plaintiffs and class members' claims may be barred, in whole or in part, by the lack of "purposeful" discrimination.

**AS AND FOR A NINTEENTH DEFENSE:**

Upon information and belief, the Plaintiffs failed to obtain jurisdiction over one or more of the Defendants.

**AS AND FOR A TWENTIETH DEFENSE:**

Upon information and belief, each of the purported claims set forth in the Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

## AS AND FOR A TWENTY-FIRST DEFENSE:

Plaintiff's claims may be moot.

## AS AND FOR A TWENTY-SECOND DEFENSE:

Plaintiffs may lack standing to bring one or more of the asserted claims.

## AS AND FOR A TWENTY-THIRD DEFENSE:

Plaintiffs have waived the right to pursue the Complaint, and each of its causes of action, by reasons of her own actions and course of conduct.

## AS AND FOR A TWENTY-FOURTH DEFENSE:

The Complaint is barred, in whole or in part, for failure to comply with City of Buffalo Charter §21-2.

## AS AND FOR A TWENTY-FIFTH DEFENSE:

The Complaint is barred, in whole or in part, for failure to comply with Article Four of the New York State General Municipal Law.

## AS AND FOR A TWENTY-SIXTH:

Plaintiffs' due process claims are barred based on her failure to pursue available post deprivation remedies.

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiff's Complaint, together with the costs and disbursements of this Action, and for such other and further relief as to this Court may deem just and proper.

Dated: May 22, 2024
      Buffalo, New York

                                            **CAVETTE A. CHAMBERS, ESQ.**
                                            Corporation Counsel
                                            *Attorney for Defendants*

                                            */s/ Anthony C. Duddy*
                                            By: Anthony C. Duddy
                                            Assistant Corporation Counsel