UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TAMARA L. WATKINS,

                          Plaintiff,                            CASE NO.

V.                                                                      23-CV-1112LJV(F)

CITY OF BUFFALO IMPOUND,                                 SERVICE ADDRESS
DIVISION OF PARKING ENFORCEMENT,
HON. JUDGE PETER J. SAVAGE, III,
BPD OFFICER N. WALLENHORST,
ROBERT FUNDERBERG,
Defendants.

---

## PRELIMINARY STATEMENT

Defendant attorney in his response has mentioned that the Plaintiff fails to set forth any facts showing that I have stated any cause of action and/or plausible claim against the Defendant Judge Peter J. Savage III, which the Plaintiff **rebuts entirely.** The Plaintiff rebuts the statement of the assigned assistant attorney general, Connor S. Barnett. The Fact of the matter is the Defendant, in his official capacity ordered for the sale of Our property before the case concluded against the laws of State, Code of Conduct for US Judges, Rules of Conduct for Administrative Law Judges and Hearing Officers and Judicial Conduct. The Plaintiff satisfied the pleading requirement for each claim, filing under Federal Question because the Plaintiff had Federal Questions about the conduct of the Defendants actions and conduct of the City of Buffalo Law Office denying my claim. Plaintiff simply asked Federal Court to intervene. All laws, regulations, and/or cases cited in the Plaintiffs answer were **In-Fact** relevant to the Plaintiffs claims as counter to the Defendants attorneys Motion to Dismiss. *Stare decisis*.

Additionally, the Plaintiff has requested Filings and Proof of the said immunity claim by the Defendants attorney. Since there is no Proof submitted to the court or Plaintiff for Defendants claim of immunity Plaintiffs claims should be Granted.

Plaintiff In-Fact set forth Facts showing a cause of action and/or plausible claim by filing the claim Federal Question.

Federal Court does have Jurisdiction as they are Article III Courts.

Defendant Ordered the sale of the Plaintiffs Property violating Constitutional Rights, Federal Law, NY VAT Title V, various Judicial Administrative Laws, Duties, Conduct and Integrities. As well as the Constitutional Rights of the Plaintiff, The United States Code and more.

The Plaintiffs' claims and Equitable Relief be Granted per the filed fee schedule. It has been two years.

## REPLY ARGUMENT

### POINT 1 RESPONSE

### JUDICIAL IMMUNITY PROOF HAS NOT BEEN PROVIDED TO SUPPORT DEFENDANTS CLAIMS

Defendant's attorney argues that it is difficult to comprehend the Plaintiffs Factual claim regarding immunity, which it is not, and every Word and/or Sentence In-Fact applies. Plaintiff has asked in the response that the attorney provide proof to the Court and Plaintiff of jurisdiction and immunity and both the attorney and defendant has Failed to provide such proof.

Furthermore, the Defendant's attorney sites *LISHAN WANG v. MIRIAM DELPHIN RITTMON, (2023) Smith v. Scalia, 44 F. Supp. 3d 28, 40 n.10 (D.D.C. 2014), aff'd, 2015 WL 13710107 (D.C. Cir. 2015)* (essentially, it's "Failure to state claim" **VS** "Lack of subject-matter jurisdiction") when referring to the Defendants role as a Buffalo City Court Judge 'presiding over his docket'. This matter has been clearly against the Plaintiffs rights and mishandled by **ALL** the Defendants included in the Plaintiff's Factual Claims and communications thus far. There is no mistaken failure to state claim, lack of subject matter jurisdiction, nor any mistaken immunity or confusion. Courts in the United States adhere to *stare decisis*.

Based on *Pierson v. Ray, 386 U.S. 547 (1967)*, The settled common law principle that a judge is immune from liability for damages for his judicial acts was not abolished by § 1983. C.f. *Tenney v Brandhove*, 341 U.S. 367. Pp. 386 U.S. 553-555 and the Defendant is not immune.

Defendant should not be granted immunity see *Thomas v. Mississippi, supra*, ... and the defense of good faith and probable cause is available in an action under § 1983, it does not follow that the count based thereon should be dismissed, *since the evidence was conflicting* as to whether the police had acted in good faith and with probable cause in arresting the petitioners. Pp. 386 U. S. 557-558. There was no good reason to not follow procedure and see the "docket" through until the end. This is a clear violation of rights.

Defendant is not immune. *Monroe v. Pape* 365 U.S. 167, states: in enacting § 1979, Congress intended to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position. Pp. 365 U. S. 171-187. The statutory words "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" do not exclude acts of an official or policeman who can show no authority under state law, custom or usage to do what he did, or even who violated the state constitution and laws. Pp. 365 U. S. 172-187.

There is no good faith in violating Federal Law, selling someone's Property and claiming immunity. *Pierson v. Ray*, Pp 386 U.S. 557-558 states: ...and the defense of good faith and probable cause is available in an action under §1983, it does not follow that the count based thereon should be dismissed, since the evidence was conflicting...

Plaintiffs Factual Words that judicial immunity can be denied when a judge's actions exceed their jurisdiction applies to this Factual Claim. Judge Peter J. Savage is an employee of the City of Buffalo, Erie County, New York State and in his capacity, he ordered for the sale of the Plaintiffs Property before the case concluded which is **CLEARLY** Against New York Consolidated Laws, Vehicle and Traffic law – VAT Title V Article 20 §511-b (4): Seizure and redemption of unlawfully operated vehicles. I've quoted it here:

(4) A motor vehicle that has been seized and not retrieved pursuant to the foregoing provisions of this section shall be forfeited to the local authority upon expiration of the period of the notice set forth in subdivision three of this section provided, however, in computing such period, the period of time during which a criminal prosecution is or was pending against the owner for a violation of this section shall be excluded. A proceeding to decree such forfeiture and to recover towing and storage costs, if any, to the extent such costs exceed the fair market value of the vehicle may be brought by the local authority in the court in which the criminal action for aggravated unlicensed operation of a motor vehicle was commenced by petition for an order decreeing forfeiture of the motor vehicle accompanied by an affidavit attesting to facts showing that forfeiture is warranted.

Furthermore, according to New York State Unified Court System 22 NYCRR Part 100.1 - An independent and honorable judiciary is indispensable to justice in our society, Part 100.2 shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Section 100.3 states the judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all the duties of the judge's office prescribed by law. In the performance of these duties, the following standards apply, A judge shall be faithful to the law and maintain professional competence in it.

Section 100.3 (6)(a) Ex parte communication violation has occurred and Section 100.3 (9) A judge shall not: (a) make pledges or promises of conduct in office that are inconsistent with the impartial performance of the adjudicative duties of the office;(b) with respect to cases, controversies or issues that are likely to come before the court, make commitments that are inconsistent with the impartial performance of the adjudicative duties of the office.

Defendant's attorney claims that the Plaintiffs complaint seems to be asserting the claim against Defendant Judge Peter J. Savage III based on him rescheduling an appearance when In-Fact that is simply not True. The Plaintiffs' rights have been violated by all Defendents which you can see in the initial claim citing 18 USC § 241 and 242. The Fact of the matter is that the Plaintiff was exercising her right led to her being rescheduled an excessive number of times and during the said time Defendant ordered the sale of the 2009 Kia Spectra before the case concluded, violating state law.

The Plaintiff stated that she asked the Defendant why she was in the criminal court for traffic violations therefore the venue of New York Consolidated Law quotes is valid.

Plaintiff did not waive her rights, give any consent or break any Federal laws.

Overall, whether the defendant is Employed within the legality of what his attorney stated as NY CLS UCCA § 2104 (e), hired by the President, a friend, a family member, or a stranger, the Defendant, whilst in his Official capacity Ordered for the sale of the Plaintiffs Property which is **against** the constitution, federal law, due process, ethics, administrative and judicial duties as well as other fundamental rights and integrities. NY VAT Title V Article 20 §511-b (4): Seizure and redemption of unlawfully operated vehicles is included.

## RESPONSE TO POINT II
## COURT LACKS JURISDICTION

Article III judges have life tenure and salary protections, ensuring independence and ability to adjudicate cases involving fundamental rights and equitable principles without external influences.

The remedies the Plaintiff seeks are stated in her Filings which include Law and Equity. Article III of the U.S. Constitution grants Federal Courts the Judicial power to hear cases in law and equity. This case involves equitable rights and remedies which fall under the jurisdiction of an Article III court and not an Article I court.

The jurisdiction of the federal courts has been defined by the Constitution- U.S. Const. art. III, § 1, congressional statutes, and decisions of the Supreme Court of the United States.

This Court has jurisdiction pursuant 28 U.S.C § 1331, it grants the federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Furthermore, this Claim involves matters of trust and confidence, which are traditionally and predominantly within the jurisdiction of Courts of Equity. These matters **require** equitable remedies that a Court of Law cannot adequately provide. There is a clear inadequacy of legal remedies.

42 U.S.C. § 1983 states "injunctive relief shall not be granted **unless** a declaratory decree was violated, in which it was and is or a declarative relief was unavailable".

The proceeding that occurred with the Defendants Peter J. Savage III in Buffalo City Court has caused irreparable harm to my private rights which are protected under the Constitution and can only be adjudicated by an Article III judge under the principles of equity.

Plaintiff seeks injunction which is an equitable remedy. Plaintiff asks the Court in its Federal capacity the question of are Judges allowed to sell Property without following Federal, State, Local and Common Law, rules, codes, regulations, etc. and then claim Immunity to avoid injunction?

Misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken "under color of" state law within the meaning of § 1979. United States v. Classic, 313 U. S. 299; Screws v. United States, 325 U. S. 91. Pp. 365 U. S. 183-187.

In conclusion, based on the Actions of the Defendant Judge Peter J. Savage III, in his official capacity has violated several Laws, Rules, Procedure of New York State, Judicial, and the Plaintiffs Constitutional Rights, does not have Judicial Immunity of any sort and not immune from liability for violations of the Federal statutes on civil rights. See *Pierson v. Ray, 386 U.S. 547 (1967)* 352 F.2d at 221 and the Plaintiffs' claims and Equitable Relief be Granted per the filed fee schedule. It has been two years of anguish.

Dated: 11/1/2024

*Tamara L. Watkins*
Tamara L. Watkins