UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAMARA L. WATKINS,

        Plaintiff,

   v.                                          23-CV-1112-LJV
                                               DECISION & ORDER

HONORABLE PETER J. SAVAGE III, et al.,

        Defendant.
_____

On October 24, 2023, the *pro se* plaintiff, Tamara L. Watkins, commenced this action raising various constitutional claims. Docket Item 1. Among other things, she alleges that Buffalo City Court Judge Peter J. Savage III violated her rights in connection with proceedings in Buffalo City Court. *Id.* at 6.[1] She seeks money damages. *Id.* at 6-7.

On August 24, 2024, Savage moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Docket Item 13. Watkins responded, Docket Item 15, and Savage replied, Docket Item 19. Watkins then filed a "preliminary statement," which this Court construes as a sur-reply. Docket Item 20.

For the reasons that follow, Savage's motion to dismiss is granted.

---

[1] Page numbers in docket citations refer to ECF pagination.

## BACKGROUND[2]

On November 6, 2022, a Buffalo Police officer seized Watkins's car "with all of [Watkins's] family's personal belongings inside." Docket Item 1 at 4-5. When Watkins tried to retrieve her property the following week, she was told that she was "not allowed to retrieve property" and that she should "go file a complaint at City Hall." *Id.* at 6.

On December 20, 2022, Watkins appeared before Judge Savage in Buffalo City Court. *Id.* She "inquired about being in criminal court versus traffic court," and Judge Savage replied that it "doesn't matter, this is court." *Id.* Watkins "was prepared with papers and challenged jurisdiction, yet [Judge Savage only] glanced at [the papers] and handed them back." *Id.* Wakins "was very quickly rushed out by two officers and rescheduled to January 30, 2023." *Id.*

The City of Buffalo subsequently sold Watkins's car with all of her belongings in it. *Id.* at 7. Watkins submitted claims for property loss, but the City of Buffalo denied those claims. *Id.* at 8.

## LEGAL PRINCIPLES

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P.

---

[2] On a motion to dismiss, the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). The following facts are taken from the complaint, Docket Item 1, and are viewed in the light most favorable to Watkins.

12(b)(1)).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

### I.    MOTION TO DISMISS

Savage argues that Watkins's claims must be dismissed due to judicial immunity and failure to state a claim.  *See* Docket Item 13-1 at 7-14.  But this Court addresses only the first of those arguments because Watkins's claims are barred by the doctrine of absolute judicial immunity.

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions."  *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (collecting cases).  Judicial immunity is not simply immunity from damages; it is immunity from suit altogether.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This is to ensure "that a judicial officer, in exercising the authority vested in him, shall be free to

act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). Judicial immunity therefore does not give way even to allegations of bad faith or malice. *Mireles*, 502 U.S. at 11.

In fact, judicial "immunity is overcome in only two sets of circumstances." *Id*. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12.

In determining whether a judge's actions are "judicial," the Second Circuit has taken a "functional approach." *Bliven*, 579 F.3d at 209. The relevant factors include the nature of the judge's action, whether the action ordinarily is performed by a judge, whether the parties expect the judge to take such action, and whether the parties dealt with the judge in her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210.

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"; instead, a judge can "be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356-57 (quoting *Bradley*, 80 U.S. at 351).

As Savage observes, "Watkins has sued [Savage] for actions taken while presiding over . . . a vehicle and traffic matter in Buffalo City Court." Docket Item 13-1 at 9. And, as Savage argues, "[t]he actions about which Watkins complained fall

4

squarely within [Savage's] jurisdiction" as a City Court Judge.  *Id.*  Savage's conduct therefore was judicial in nature.  *See Bliven*, 579 F.3d at 210.  And Watkins alleges no facts suggesting otherwise, nor any facts suggesting that Savage acted in the absence of all jurisdiction.  *See id.*

Watkins broadly makes three arguments in response to the motion to dismiss, but none carries the day.  *See* Docket Item 15 at 10.  First, Watkins says that Savage did not have jurisdiction because Watkins "questioned [j]urisdiction from the first visit."  *Id.* at 5; *see id.* at 10 (arguing that Savage did not "ha[ve] a right to ignore a [c]hallenge of [j]urisdiction").  But even if Watkins did have a valid challenge of some sort, this case falls far short of the extreme circumstance in which a judge has acted despite "*clear absence of all jurisdiction* over the subject-matter."  *See Bradley*, 80 U.S. at 351 (emphasis added).  Indeed, a judge may have immunity even if he or she lacked jurisdiction in the underlying case.  *See Curto v. Palisades Collection, LLC*, 2008 WL 11357851, at *2 (W.D.N.Y. Nov. 25, 2008) (contrasting "judicial actions taken in excess of jurisdiction, to which immunity attaches, and actions taken in the clear absence of *all* jurisdiction").

Second, Watkins faults Savage for "re-schedul[ing] a [s]ingle [m]other[']s seized . . . Kia Spectra case 6 months out."  *Id.* at 10; *see also* Docket Item 20 at 3 ("The [f]act of the matter is that the [p]laintiff['s] . . . exercising her right led to her being scheduled an excessive number of times and during the said time [the d]efendant ordered the sale of the 2009 Kia Spectra before the case concluded, violating state law.").  In other words, Watkins takes issues with Savage's judicial decisions.  While this Court has sympathy for Watkins's frustration with the outcome of the case involving her car, a

5

judge's management of his docket and judicial decisions are precisely the type of actions that are protected by judicial immunity.  *Cf. Curto*, 2008 WL 11357851, at *3 ("Defendant's adjournment of plaintiff's motion, a function routinely performed by a judge, simply does not suffice to show that the defendant was taking actions outside of his judicial capacity or in the complete absence of jurisdiction, the two circumstances in which judicial immunity can be overcome.").

Finally, Watkins appears to suggest that Savage's claim of judicial immunity fails because he is not a federal judge.  *See* Docket Item 15 at 10 ("Please provide proof that Judge Peter J. Savage[] III has been appointed into the Judicial Branch of Government by the President and confirmed by the Senate and is not a City of Buffalo . . . employee . . . ." (capitalization and emphasis omitted)).  But judicial immunity applies equally to Buffalo City Court judges.  *See Curto*, 2008 WL 11357851, at *2-*3.

In sum, because Watkins sues Savage for his conduct as a City Court Judge, Savage is entitled to absolute immunity.

## II.   LEAVE TO AMEND

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally.  Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))).  But leave to amend

pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

Here, leave to amend would be futile. Watkins takes issue with Savage's conduct as a judge, and better pleading will not cure that fundamental defect. The claims against Savage therefore are dismissed without leave to amend.

## **CONCLUSION**

For the reasons stated above, Savage's motion to dismiss, Docket Item 13, is GRANTED.[3] The Clerk of Court shall terminate Savage as a defendant.

SO ORDERED.

Dated: December 1, 2024
       Buffalo, New York

　　　　　　　　　　　　　　　　　　　　*/s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] Watkins also has moved to re-serve the defendants. Docket Item 11. That motion is denied as moot as all defendants other than Savage have answered the complaint. *See* Docket Item 4.